UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMNANG TOUCH, as an individual and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>COX AUTOMOTIVE CORP SVCS., LLC, a limited liability company; COX AUTOMOTIVE MOBILITY SOLUTIONS, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. 2:23-cv-01945-TLN-CSK<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

　　　　This matter is before the Court on Plaintiff's Motion for Preliminary Approval of Class Action Settlement. The Court, having fully reviewed Plaintiff's Motion for Preliminary Approval of Class Action Settlement, the supporting Memorandum of Points and Authorities and Declarations filed in support thereof, including the Stipulation of Class Settlement and Release ("Settlement Agreement") and Notice of Pendency of Class Action ("Notice"), and for good cause appearing, HEREBY MAKES THE FOLLOWING ORDERS:

　　　　1.　　The Court grants preliminary approval of the settlement based upon the terms set forth in the Settlement Agreement and is incorporated in full by this reference and made a part of

1. this Order. The Settlement appears to be fair, adequate, and reasonable to the Class.

2. All capitalized terms defined in the Settlement Agreement shall have the same meaning when used in this Order.

3. The Settlement falls within the range of reasonableness of a settlement which could ultimately be given final approval by this Court, and appears to be presumptively valid, subject only to any objections that may be raised at the Final Approval Hearing and final approval by this Court. The Court notes that Defendant Cox Automotive Corporate Services, LLC and Cox Automotive Mobility Solutions, Inc. (collectively, "Defendant") has agreed to create a common fund of $150,000.00 to cover (a) settlement payments to Class Members who do not validly opt out; (b) a Class Representative enhancement award of up to $5,000.00 for Class Representative Samnang Touch; (d) Class Counsel's attorneys' fees, not to exceed One Third (1/3) of the Gross Settlement Amount, and actual litigation expenses incurred by Class Counsel, up to $20,000.00; and (e) Settlement Administration Costs of approximately $6,500.00.

4. The Court finds and concludes that the Settlement is the result of arm's-length negotiations between the Parties and a mediation conducted after Class Counsel had adequately investigated Plaintiff's claims and become familiar with their strengths and weaknesses. The assistance of an experienced mediator in the settlement process further confirms that the Settlement is non-collusive.

5. In accordance with the Settlement Agreement and the Court's Order Granting Plaintiff's Motion for Class Certification, the "Class" consists of all current and former California non-exempt employees of Cox Automotive Corporate Services, LLC who, after May 19, 2022, received wage statements showing a total hours figure that did not match the hours worked in the pay period. The Class Period is defined as May 19, 2022, through July 7, 2023. The Court hereby finds and concludes that the Class satisfies all of the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3).

6. The Court approves Xpand Legal ("Settlement Administrator") to perform the duties of the Settlement Administrator as set forth in this Order and the Settlement Agreement.

7. The Court finds that the Notice, which is attached as Exhibit A to the Settlement

Agreement, comports with Fed. R. Civ. P. 23 and all Constitutional requirements including those of due process. The Court further finds that the Notice adequately advises the Class about the class action; the terms of the proposed settlement, the benefits available to each Class Member, and the proposed fees and costs to Class Counsel; each Class Member's right to object or opt out of the settlement, and the timing and procedures for doing so; preliminary Court approval of the proposed settlement; and the date of the Final Approval hearing as well as the rights of Class Members to file documentation in support of or in opposition to and appear in connection with said hearing. The Court further finds that the mailing of the Notice to each Class Member's most recent address, with appropriate skip tracing and mail forwarding for Notices returned as undeliverable, as specifically described in the Settlement Agreement, constitutes reasonable notice to Class Members of their rights with respect to the class action and proposed settlement.

8. Within ten (10) business days of the issuance of this Order, Defendant shall provide the Settlement Administrator with the Class Data List, as specified in the Settlement Agreement.

9. Within ten (10) business days after receipt of the Class Data List, the Settlement Administrator shall mail the Notice in the manner specified in the Settlement Agreement.

10. The Court orders that any request for exclusion from the Settlement must be postmarked no later than 45 days after the Notice is initially mailed to Class Members, must be signed, and must be received by the Settlement Administrator to be timely and valid.

11. Any Class Member who does not timely and validly request exclusion from the settlement may object to the Settlement Agreement. Any objection must be in writing, and must be mailed to the Settlement Administrator. Such objection shall include the name, address, phone number, last four digits of the Social Security Number of the Class Member, the basis of the objection, and must be signed by the Class Member. To be timely, the objection must be postmarked no later than 45 days after the Notice is initially mailed to the Class. Any Class Member who does not timely submit such a written objection will not be permitted to raise such objection, except for good cause shown, and any Class Member who fails to object in the manner prescribed by this Order will be deemed to have waived, and will be foreclosed from raising, any

such objection.

12. The Final Approval Hearing shall be held before this Court on **May 1, 2025**, at 2:00 p.m. in Courtroom 2, to consider the fairness, adequacy, and reasonableness of the proposed settlement preliminarily approved by this Order, and to consider the motion of Class Counsel for an award of reasonable attorneys' fees and costs and a Class Representative enhancement award. A motion for final approval of the settlement and a motion for attorney's fees must be filed not later than thirty-five (35) days prior to the hearing date pursuant to Local Rule 230(b). Briefs regarding the settlement shall be served and filed in accordance with Local Rules.

13. Any party to this case, including any Class Member, may be heard in person or by counsel, to the extent allowed by the Court, in support of, or in opposition to, the Court's determination of the good faith, fairness, reasonableness, and adequacy of the proposed settlement, the requested attorneys' fees and costs, the requested Class Representative enhancement award, and any order of final approval and Judgment regarding such settlement, fees, costs, and payments; provided however, that no person shall be heard in opposition to such matters unless such person has complied with the conditions set forth in the Notice.

14. The Court orders that if for any reason the Court does not execute and file an order of final approval and judgment, or if such a final approval order is reversed, the Settlement Agreement and the proposed settlement which is the subject of this Order and all evidence and proceedings had in connection therewith, shall be without prejudice to the status quo ante rights of the Parties to the litigation as more specifically set forth in the Settlement Agreement.

15. The Court orders that the Settlement Agreement shall not be construed as an admission or evidence of liability.

16. Pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Settlement Agreement are stayed.

17. The Court expressly reserves the right to adjourn or continue the Final Approval Hearing without further notice to Class Members.

///

///

IT IS SO ORDERED.

Date: October 8, 2024

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE