UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMNANG TOUCH, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COX AUTOMOTIVE CORP SVCS., LLC, a limited liability company; COX AUTOMOTIVE MOBILITY SOLUTIONS, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:23-cv-01945-TLN-CSK<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT** |

This matter came on for hearing on May 1, 2025, on Plaintiff Samsang Touch ("Plaintiff" or "Class Representative") Motion for Final Approval of Class Action and Private Attorneys General Act Settlement on the terms set forth in the Class Action Settlement Agreement and Release (the "Settlement Agreement") (Dkt. No. 18-2). Due and adequate notice having been given to the members of the Class, and the Court having considered the Settlement Agreement, all papers and proceedings held herein, and all oral and written comments received regarding the proposed Class and PAGA Settlement, and having reviewed the entire record in this action, *Touch v. Cox Automotive Corporate Services, LLC and Cox Automotive Mobility Solutions, Inc.*, Case No. 2:23-cv-01945-TLN-CSK ("the Action"), and good cause appearing, finds that:

WHEREAS, Plaintiff has alleged claims against Defendants Cox Automotive Corporate Services, LLC and Cox Automotive Mobility Solutions, Inc. ("Defendants") (Defendants and Plaintiff collectively, the "Parties"), on behalf of herself and all past and present California non-exempt employees Defendant who, after May 19, 2022, received wage statements showing a total hours figure that did not match the hours worked in the pay period; and

WHEREAS, on May 19, 2023, Plaintiff filed his Complaint for violation of California Labor Code §226 in the San Joaquin Superior Court. On August 2, 2023, Plaintiff filed a Representative Complaint adding a cause of action for California Labor Code § 2698, *et. seq.* On September 8, 2023, the San Joaquin Superior Court granted Defendant's Motion to Consolidate the two separate lawsuits that were filed by Plaintiff. Defendant subsequently removed the action to the United States District Court for the Eastern District of California and is currently assigned Case No. 2:23-cv-01945-TLN-CSK;

WHEREAS, Defendant expressly denies the allegations of wrongdoing and violations of law alleged in this Action, asserts that it provided accurate itemized wage statements, and further denies any liability whatsoever to Plaintiff and

Settlement Class Members;

WHEREAS, without admitting any liability, claim, or defense the Parties determined that it was mutually advantageous to settle this Action and avoid the costs, delay, uncertainty, and business disruption of ongoing litigation;

WHEREAS, this Court granted preliminary approval of the Parties' class action settlement in this Action on October 8, 2024 ("Preliminary Approval Order");

WHEREAS, the Class Notice was sent to the Class Members in accordance with the Preliminary Approval Order; and

WHEREAS, a fairness hearing on the proposed class action settlement having been duly held and a decision reached,

NOW, therefore, the Court grants final approval of the Class Settlement, and IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this Action, Defendant, and the Settlement Class Members.

2. The Court has determined that the class notice given to the Class Members fully and accurately informed all Class Members of all material elements of the proposed class action settlement – including the plan of distribution of Class Settlement Amount, the application for a Service Award to Plaintiff, and the application for Class Counsels' Attorneys' Fees and Costs – constituted the best notice practicable under the circumstances, constituted valid, due, and sufficient notice to all Settlement Class Members, and complied fully with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable laws.

3. The Court hereby grants final approval of the class action settlement as fair, reasonable, and adequate in all respects to the Settlement Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure and orders the Parties and the Settlement Administrator to implement all remaining terms of the

Settlement Agreement pertaining to the distribution of the Class Settlement Amount and Net Settlement Amount in accordance with the terms of the Settlement Agreement.

4. The plan of distribution as set forth in the Settlement Agreement providing for the distribution of the Net Settlement Amount to Settlement Class Members is hereby finally approved as being fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.

5. As previously held in the Court's Preliminary Approval Order, the Class for settlement purposes is appropriate under Fed. R. Civ. P. 23 and related case law and is defined as follows: all current and former California non-exempt employees of Cox Automotive Corporate Services, LLC who, after May 19, 2022, received wage statements showing a total hours figure that did not match the hours worked in the pay period. The Class Period is defined as May 19, 2022, through July 7, 2023.

6. As previously held in the Court's Preliminary Approval Order, the Court appoints as Class Counsel, Diversity Law Group, Polaris Law Group, Hyun Legal, APC, and Law Offices of Choi & Associates, P.C.

7. The Court approves payment of a Class Representative Service Award of $5,000.00 to Plaintiff for her service to the Class, which shall be paid from, and not in addition to, the Class Settlement Amount.

8. The Court approves the payment of attorneys' fees in the amount of $50,000.00 to Class Counsel, which shall be paid from, and not in addition to, the Class Settlement Amount.

9. The Court also approves the additional payment of attorneys' costs in the amount of $19,418.34 to Class Counsel to reimburse them for their expenses, which shall be paid from, and not in addition to, the Class Settlement Amount.

10. The Court approves a payment of up to $6,500.00 to the Settlement Administrator out of the Class Settlement Amount. Any portion of the payment to

the Settlement Administrator that is unused will go to the Net Settlement Amount.

11. Any checks for Individual Settlement Payments that are not cashed within 180 days shall be paid to the California State Controller's Office in the name of the Qualified Claimant

12. All claims asserted in this Action are DISMISSED WITH PREJUDICE as to Plaintiff and the Settlement Class Members, pursuant to the terms of the Settlement Agreement. Each party shall bear her or its own costs and attorneys' fees, except as provided in the Settlement Agreement and as set forth above in this Order and as set forth in any other Order issued in response to the application by Class Counsel for an award of attorneys' fees, costs, and expenses, which hearings took place concurrently with the hearing for this Order.

13. Upon entry of this Order, the claims in this Action and the Released Class Claims of each Class Member against Defendant, and against any and all of the Released Parties as defined in the Settlement Agreement, are fully, finally, and forever released, relinquished and discharged pursuant to the terms of the Settlement Agreement to the maximum extent permitted by law.

14. Upon entry of this Order, all Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Class Claims against any of the Released Parties as defined in the Settlement Agreement and as set forth in the Preliminary Approval Order.

15. Each Settlement Class Member is bound by this Order, including, without limitation, the release of claims as set forth in the Settlement Agreement.

16. This Order and the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by Defendant of any liability, claim or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim or wrongdoing in this Action or in any other proceeding.

17. Without affecting the finality of this Order, the Court reserves exclusive and continuing jurisdiction over the Action, the Plaintiff, the Settlement

Class Members, and Defendant for the purposes of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, Preliminary Approval Order, distribution of the Class Settlement Amount, and this Order, as well as over Plaintiff's remaining claim for violation of Labor Code § 226(a)(8).

IT IS SO ORDERED.

Date: May 2, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE