UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMNANG TOUCH,<br>Plaintiff,<br>v.<br>COX AUTOMOTIVE CORPORATE SERVICES LLC, and COX AUTOMOTIVE MOBILITY SOLUTIONS, INC.,<br>Defendants. | No. 2:23-cv-01945-TLN-CSK<br><br>**ORDER** |

This matter is before the Court on Defendants Cox Automotive Corporate Services, LLC ("Cox Corp") and Cox Automotive Mobility Solutions, LLC ("Cox Mobility") (collectively, "Defendants") Partial Motion for Summary Judgment (ECF No. 27) and Plaintiff Samnang Touch's ("Plaintiff") Motion for Class Certification (ECF No. 32). Plaintiff filed an opposition to the Partial Motion for Summary Judgment (ECF No. 28) and Defendants replied (ECF No. 30). The Court delayed briefing on Plaintiff's Motion for Class Certification pending the outcome of summary judgment. (ECF Nos. 33, 34.) For the reasons set forth below, the Court GRANTS Defendants' Partial Motion for Summary Judgment (ECF No. 27) and DENIES as moot Plaintiff's Motion for Class Certification (ECF No. 32).

## I. Factual and Procedural Background[1]

This case is a putative wage and hour class action. (*See* ECF No. 1.) Plaintiff is a mobile diesel technician for a subsidiary of Cox Automotive, Inc. ("Cox Inc.") that provides automotive fleet maintenance and operations services in California. (ECF No. 1 at 18, 47; ECF No. 27-3 at 7, 61; ECF No. 28-1 at 4.) Cox Inc.[2] is an umbrella company and the parent company to defendant entities, Cox Corp and Cox Mobility.[3] (ECF No. 27-3 at 7; ECF No. 28-2 at 22.)

Cox Corp is the entity listed on Plaintiff's paystubs. (ECF No. 27-3 at 8, 68–177.) Cox Corp is a Delaware limited liability company. (*Id.* at 7, 184.) It was not registered with the Secretary of State to do business in California until 2024. (*Id.* at 8, 182–183.)

Plaintiff filed suit against Cox Corp and Cox Mobility in state court alleging Defendants violated California Labor Code § 226(a) by failing to provide accurate wage statements to their non-exempt employees. (ECF No. 1 at 23, 49.) Specifically, Plaintiff alleges Defendants failed to list the following on wage statements: (1) the accurate total hours worked and applicable overtime hourly rates of pay; and (2) the correct legal entity of the employer. (*Id.* at 23, 49.) Plaintiff also filed a separate Private Attorneys General Act ("PAGA") action seeking civil penalties for the same alleged violations pursuant to California Labor Code §§ 226.3 and 2698, *et seq*. (*Id.* at 45–50.) The lawsuits were consolidated and removed to this Court. (ECF No. 1; ECF No. 27-3 at 28–29.)

The parties settled, and the Court approved, Plaintiff's and class claims as to inaccurate hours and pay rates. (ECF No. 18-2; ECF No. 38.) Only the California Labor Code § 226(a)(8) claim remains at issue, for which Plaintiff alleges Defendants failed to identify the correct legal entity of his employer on wage statements. (ECF No. 1 at 23, 49.) Defendants now move for summary judgment of this claim and Plaintiff opposes. (ECF Nos. 27, 28.)

---

[1] The following facts are undisputed, unless otherwise noted.

[2] Defendants assert Cox Inc. has no employees. (ECF No. 27-3 at 7.) Plaintiff disputes this contention based on a 2022 form disclosure listing Cox Inc. as his employer. (ECF No. 28-1 at 3; ECF No. 28-2 at 30.) Cox Inc. is not a party to this action.

[3] Defendants claim Cox Mobility is a defunct entity without any employees. (ECF No. 27-1 at 5 n.1; ECF No. 27-3 at 7.)

## II. Standard of Law

Summary judgment is appropriate when the moving party demonstrates no genuine issue of any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (citation modified). Indeed, summary judgment should be entered against a party who does not make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, *i.e.*, a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, *i.e.*, the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 251–52.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. *First Nat'l Bank*, 391 U.S. at 288–89. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the

parties' differing versions of the truth at trial." *Id.* Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Rule 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with any applicable affidavits. Fed. R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982). The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts pleaded before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 587.

## III. ANALYSIS

The sole dispositive issue in this case is whether Cox Corp is the properly named employer on Plaintiff's paystubs under California Labor Code § 226(a)(8). Defendants argue Cox Corp is the correct employer entity because it controlled Plaintiff's work, regardless of whether it was registered to do business in the State of California. (ECF Nos. 27-1, 30.) In opposition, Plaintiff argues there is confusion as to his employer, but Cox Corp cannot be the correct legal entity because it was not properly registered in the State during the relevant period. (ECF No. 28.) The Court first determines whether there is any genuine dispute as to Plaintiff's employer,[4] before assessing whether the proper entity was listed on Plaintiff's paystubs.

---

[4] "[I]f neither the evidence nor inferences are in conflict, then the question of whether an employment relationship exists becomes a question of law which may be resolved by summary judgment." *Brassinga v. City of Mountain View*, 66 Cal. App. 4th 195, 210 (1998) (quoting *Riley v. Sw. Marine, Inc.*, 203 Cal. App. 3d. 1242, 1248–49 (1988).

A. Plaintiff's Employer

Defendants contend Cox Corp is Plaintiff's employer because it was the only entity to exercise control over Plaintiff's wages, hours, and conditions, while Cox Mobility is a defunct entity with no employees. (ECF No. 27-1 at 5 n.1, 7.) Plaintiff counters that a triable issue of material fact exists because of the "confusion" as to which one of four potential Cox entities employs him.[5] (ECF No. 28 (noting confusion seven times).)

Under California law, an employer is the entity that (i) "exercise[s] control over the wages, hours, or working conditions" of the employee, (ii) "suffer[s] or permit[s]" the individual to work, or (iii) "engage[s]" in a common law employer relationship. *Martinez v. Combs*, 49 Cal. 4th 35, 64 (Cal. 2010) (citing *Reynolds v. Bement*, 36 Cal. 4th 1075 (Cal. 2005)). The test is the same for joint employers. *See id.* at 75–77.

Defendants have produced sufficient evidence to show Cox Corp was Plaintiff's employer. Defendants' corporate witness Melanie Lastrapes[6] avers that, for all Cox entity employees, Cox Corp controls hiring, firing, onboarding processes, performance evaluations, pay rates and raises, promotions, health and safety in the workplace, and payroll taxes. (ECF No. 27-3 at 7–8.) And, although Cox Corp dispatches its employees to other Cox entities, Cox Corp maintains control over all Cox employees. (*Id.*) Upon a sufficient showing that Cox Corp is Plaintiff's employer, the burden shifts to Plaintiff to raise a genuine dispute of material fact based on evidence. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000) (where "a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense."); *see also Matsushita*, 475 U.S. at 586 ("When

---

[5] The Court notes Plaintiff was not so confused that he was unable to determine the identity of his employer, file suit, and settle his wage claims. (ECF No. 27-3 at 31–50.) Plaintiff settled his Labor Code § 226 claims as to accurate wage statements on behalf of himself and a certified class defined as "[c]urrent and former California non-exempt employees of [Cox Corp]." (*Id.* at 34.)

[6] Melanie Lastrapes is Defendants' designated corporate witness under Fed. R. Civ. P. 30(b)(6). (ECF No. 30-1 at 2.) As of June 2024, she is Cox Corp's Vice President of HR Business Partners and Global Employment Practices; prior to that, she was Cox Corp's Assistant Vice President of HR Business Partners and Global Employment Practices. (ECF No. 27-3 at 7.)

the moving party has carried its burden under Rule 56[ ], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.").

Plaintiff has not countered with evidence to show a genuine dispute as to his employer. Plaintiff admits he worked for Cox Corp.[7] (ECF No. 1 at 18.) He does not dispute that Cox Corp: "always retains the control to hire and fire [Cox entity] employees"; Cox Corp managers perform evaluations for its employees; Cox Corp determines "pay rates, pay raises, job promotions, hiring and termination decisions" for its employees; and "[Cox Corp] employees oversee the health and safety standards of the workplace." (ECF No. 28-1 at 6.) Further, there is no dispute that Cox Corp is the entity listed on Plaintiff's paystubs and tax returns, as Plaintiff acknowledged in his deposition. (ECF No. 27-3 at 58–60, 68–179.) Thus, there is no dispute as to an employment relationship with Cox Corp.

Moreover, Plaintiff provides no evidence that another entity controls his wages, hours, or working conditions, or has otherwise established an employment relationship with him.[8] Specifically, with respect to Cox Mobility, Plaintiff does not argue or establish any facts showing that Cox Mobility exercised any control over Plaintiff or any aspect of his work. *See Martinez*, 49 Cal. 4th at 64. The sole shred of evidence proffered in support of the assertion that Cox Mobility employed Plaintiff is a training transcript listing "Mobility Solutions" among rows of other information. (ECF No. 28-2 at 27–29.) Even assuming this document would be admissible and authenticated, the document does not clearly identify Cox Mobility, let alone as Plaintiff's employer. (*Id.*) The transcript lists various trainings completed by Plaintiff during his

---

[7] "'Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.' Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (internal citations omitted). In his Complaint, which has not been amended, Plaintiff stated: "Plaintiff was hired by [Cox Corp and Cox Mobility] as a mobile diesel technician. Plaintiff continues to work for [Cox Corp and Cox Mobility]." (ECF No. 1 at 18.) Thus, the Court deems these facts to be judicially admitted and binding.

[8] There is no argument before this Court that Defendants jointly employed Plaintiff, nevertheless, the Court considers the possibly. The test for joint employment is the same as applied above. *See Martinez*, 49 Cal. 4th at 75–77.

employment and notes "Mobility Solutions" for each training under "Organization Name Level 04," as shown below. (*Id.*)

| Organization Name Level 04 | Organization Name Level 05 | Organization Name Level 06 |
|---|---|---|
| Mobility Solutions | DFS | DFS PROD MOBILE |

Defendants' corporate witness, Ms. Lastrapes, testified that the "Mobility Solutions" designation in the transcript identifies Plaintiff's "department-type categorization" or the "functional group" of the type of work performed. (ECF No. 30-1 at 6–7 (identifying various functional groups *inter alia* "retail," "inventory solutions," and "mobility solutions").) Plaintiff provides no evidence to counter Ms. Lastrapes testimony regarding the training transcript, nor other evidence that Cox Mobility is his employer, let alone an extant entity. Instead, when asked in his deposition about Cox Mobility, Plaintiff stated he had never heard of them. (ECF No. 27-3 at 61 ("Q: . . . [H]ave you ever heard of [Cox Mobility]? A: No.").) Thus, there is no credible evidence in the record to support the assertion that Cox Mobility is Plaintiff's employer. *See* Fed. R. Civ. P. 56(c)(1) (a fact is not genuinely disputed unless it is supported by evidence); *Guidroz-Brault v. Missouri Pac. R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) ("To survive summary judgment, [non-moving parties] have the burden to produce some evidence, other than speculation or guesswork.").

Finally, Plaintiff's confusion as to entities not joined as parties in this action is immaterial. Plaintiff points to two documents to raise the possibility that he could be employed by other Cox entities: an offer letter referencing Dickinson Fleet Services and a Labor Code § 2810.5 disclosure form identifying Cox Inc. (ECF No. 28-2 at 30, 36.) Plaintiff has not submitted any evidence that Dickinson Fleet Services and Cox Inc. exercised control over Plaintiff's work. But more importantly, the entities are not parties to this action and therefore cannot be held liable for a violation under § 226(a). Thus, no triable issue of material fact exists relating to their putative employer status.

Accordingly, Defendants have carried their burden to show no genuine dispute exists that Cox Corp was Plaintiff's employer. Having settled the underlying issue of Plaintiff's employer, the Court turns to Plaintiff's claim that the correct entity was not listed on his paystub.

B. Labor Code § 226(a)(8) and Effect of Failure to Register to do Business

Plaintiff contends that Cox Corp is not the proper legal entity to list on Plaintiff's paystubs because it was not registered to do business in California between 2022 and 2024.[9] (ECF No. 27-3 at 16; ECF No. 28 at 8–10.) Defendant argues registration is immaterial for the purpose of Plaintiff's § 226(a)(8) claim.

Under California Labor Code § 226(a)(8), an employer must provide accurate paystubs to its employees showing "the name and address of the legal entity that is the employer." *See also Noori v. Countrywide Payroll & HR Sols., Inc.*, 43 Cal. App. 5th 957, 964 (2019) (finding § 226(a)(8) "does not expressly require that the name registered with the California Secretary of State be included on the wage statement . . . [and] does not expressly require that the employer state its complete or registered name."). In assessing whether an employer name is sufficient for the purposes of § 226(a)(8), courts focus on whether the employee would be able to correctly identify their employer. *See, e.g.*, *Elliot v. Spherion Pac. Work, LLC*, 572 F.Supp.2d 1169, 1180 (C.D. Cal. 2008), *aff'd*, 368 F. App'x 761 (9th Cir. 2010) ("an employer using a shortened name or abbreviation that renders the name confusing or unintelligible may be violating section 226(a)(8)"); *Noori*, 43 Cal. App. 5th at 965 (finding "severe truncations or alterations of the employer's name can violate the statute, particularly where confusion might ensue").

Plaintiff's paystubs clearly show, and parties do not dispute, Cox Corp is listed as the employer on the relevant paystubs. (ECF No. 27-3 at 68–177.) Cox Corp concedes it was not properly registered to do business in California before 2024.[10] (ECF No. 27-3 at 8.) The question then, is whether a company's failure to register to do business in the State renders the entity improper under § 226(a)(8).

Plaintiff provides no authority for the proposition that a failure to register with the State defeats the employment relationship or renders the employment entity improper for the purposes of § 226(a)(8). Plaintiff relies on *Noori v. Countrywide*, 43 Cal. App. 5th 960, and *Savea v. YRC*

---

[9] Plaintiff does not allege the address is incorrect. (ECF No. 1 at 16–24; ECF No. 28.)

[10] Under California Corporations Code § 2105, foreign corporations engaging in intrastate business in California must register with the State and receive a certificate of qualification.

*Inc*., 34 Cal. App. 5th 173 (2019). However, both cases address whether an employer may use fictitious names on wage statements. 43 Cal. App. 5th 960; 34 Cal. App. 5th 173. Both courts compared the employer's registered name with the name listed on paystubs to assess whether confusion would result from the mismatch. 43 Cal. App. 5th 960; 34 Cal. App. 5th 173. The issue of state registration was not dispositive in either case, it was merely a fact considered as to whether employees could readily determine the name and address of their employers. 43 Cal. App. 5th 960; 34 Cal. App. 5th 173.

Unlike *Noori* and *Savea*, Plaintiff does not assert that Cox Corp listed a fictitious or improperly abbreviated name. (ECF No. 28.) Indeed, at all relevant times, Cox Corp listed its name on Plaintiff's paystubs in a slightly abbreviated manner as "Cox Automotive Corp Svcs., LLC." (ECF No. 27-3 at 68–177.) Plaintiff makes no contention that the slight abbreviation was confusing or could lead to misidentification. (ECF No. 28.) Thus, the Court finds the correct entity was named on Plaintiff's paystubs as a matter of law.

A failure to register with the State to do business, by itself, does not alter this finding. This Court, among others, has previously held, under § 226(a)(8), that the employer's name on a wage statement need not exactly match the name registered with the California Secretary of State. *See Mejia v. Farmland Mut. Ins. Co*., No. 2:17-CV-00570-TLN-KJN, 2018 WL 3198006, at *6 (E.D. Cal. June 26, 2018) ("Section 226(a)(8) does not require the name on the wage statement to be the name registered with the California Secretary of State. . . . [I]f the Legislature had intended the name on wage statements be identical to the name registered with the Secretary of State, it would have stated so."); *see also Elliot v. Spherion Pacific Work, LLC*, 572 F. Supp. 2d 1169, 1180 (C.D. Cal. 2008) ("[I]nstead of requiring an employer to state its 'complete' or 'registered' name, [S]ection 226(a)(8) only requires the employer to state its 'name and address.'").

The Court now finds that an employer's failure to register to do business in California does not per se violate § 226(a)(8). *See also Flores v. Marriott Resorts Hosp. Corp.*, No. CV18-8012-JVS-JPR, 2019 WL 4391119, at *2, 5–6 (C.D. Cal. May 13, 2019) (finding plaintiff failed to state a claim under § 226(a)(8) despite the court taking judicial notice of the fact that defendant

employers named on the paystubs were not registered to do business in California.) As Defendants point out, an employer's failure to register may violate other California laws, but it does not itself violate § 226(a)(8), so long as the paystubs list the correct employer entity with a correct address. *See* Cal. Labor Code § 226(a)(8). Even when companies irresponsibly violate state corporation laws, an employee must still be able to identify — from their paystubs alone — the identity of their employer doing business anywhere in the country, so they may obtain a remedy for wage violations, just as occurred here.[11] Plaintiff was able to identify his employer and their contact information from his paystubs alone, file suit, and obtain relief for his wage violations.

Consequently, Defendants are entitled to judgment as a matter of law.

C. <u>PAGA</u>

Plaintiff's PAGA cause of action is entirely derivative of his individual claims as to whether Defendants violated Labor Code § 226(a)(8). As the Court has found no violation of § 226(a)(8), Plaintiff's PAGA cause of action also fails as a matter of law. *See Elliot*, 572 F. Supp. 2d at 1182. Accordingly, the Court also grants summary judgment on the PAGA claim.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Partial Motion for Summary Judgment. (ECF No. 27.) Plaintiff's Motion for Class Certification (ECF No. 32) is DENIED as moot. Whereas the Court concludes Defendants are entitled to judgment as a matter of law as to Plaintiff's claim under California Labor Code § 226(a)(8) and because parties have settled all remaining claims (ECF No. 38), the Clerk of the Court is directed to enter final judgment for Defendants and close this case.

IT IS SO ORDERED.

**DATE: November 2, 2026**

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[11] To be clear, the Court is troubled by Defendants' errors as to California's required disclosures and registration, however, those are not claims at issue in this action.